## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>

**ARBAH HOTEL CORP., d/b/a MEADOWLANDS VIEW HOTEL,**

**Plaintiff,**

v.

**THE NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO, *et al.*,**

**Defendants.**

</td><td>

**Case No. 17–cv–07701–SDW–ESK**


**OPINION AND ORDER**

</td></tr>
</table>

      **THIS MATTER** comes before the Court on the applications of defendant New York Hotel and Motel Trades Council, AFL-CIO (Union) and former defendant United Here Health (UHH) to stay and administratively terminate this matter pending the resolution of an appeal before the Third Circuit Court of Appeals (ECF Nos. 99 and 100); and plaintiff having opposed the application (ECF No. 101); and the Court finding:

### FACTS AND PROCEDURAL HISTORY

      1.    Plaintiff operates the Meadowlands View Hotel in North Bergen, New Jersey.  (ECF No. 1 (Compl.).)

      2.    The Union is an umbrella organization for several unions representing employees, including plaintiff's employees, through collective bargaining agreements. (ECF No. 93 p. 5 (NLRB Decision)[1].)

      3.    UHH is a multi-employer Taft-Hartley trust fund that provides health and welfare benefits to various employees of participating unions.  (Compl. ¶ 13.)

### I.    PROCEEDINGS BEFORE THE NLRB

      4.    The Union represents plaintiff's employees through a collective bargaining agreement. (ECF No. 100 p. 1.) In August 2017, plaintiff ceased making contributions to an existing healthcare plan with UHH for its employees.

---

      [1] References to the NLRB Decision are to the ECF page number.

(*Id.*)  The Union filed unfair labor practices charges against plaintiff with the National Labor Relations Board (NLRB).   (*Id.*)

5.    On April 24, 2018, the NLRB Regional Director issued a consolidated complaint (NLRB Complaint) against plaintiff charging it with violating the National Labor Relations Act (NLRA).   (ECF No. 100 p. 2.)   The NLRB Complaint included claims that plaintiff violated the NLRA by "refusing to meet and bargain with the Union, unilaterally refusing to remit health insurance coverage payments to [UHH]," "bypassing the Union and dealing directly with employees," and "unilaterally denying the Union's bargaining representative access to [plaintiff's] facility." (NLRB Decision p. 5.)

6.    On December 20, 2018, Administrative Law Judge Lauren Esposito sustained the NLRB Complaint.   Judge Esposito found, in part, that plaintiff had violated the NLRA by "failing and refusing to meet and bargain with the Union as the exclusive collective bargaining representative" for plaintiff's employees, by unilaterally failing and refusing to remit a health insurance coverage payment to UHH, and "by threatening to unilaterally discontinue the bargaining unit employees' negotiated health insurance benefit coverage if the employees did not sign up for [plaintiff's] new health insurance coverage."   (NLRB Decision p. 24.)

7.    Plaintiff appealed Judge Esposito's decision to the NLRB.   On November 29, 2019, a panel of the NLRB affirmed Judge Esposito's decision.   (NLRB Decision p. 2.)   The panel ordered plaintiff to cease and desist from "threatening [its] employees with unilateral discontinuation of their negotiated health insurance coverage if they do not sign up for [plaintiff's] new health insurance coverage," "failing and refusing to recognize and bargain with the Union as the exclusive collective-bargaining representative of the employees," and "failing and refusing … to make contractually required contributions to [UHH] on behalf of" plaintiff's employees." (NLRB Decision pp. 2–3.)

8.    Plaintiff appealed by a petition for review with the Third Circuit Court of Appeals (Third Circuit) on January 2, 2020.   *See* Pet. For Review, *Arbah Hotel Corp. v. NLRB,* No. 20-1025 (3d Cir. Jan. 2, 2020), ECF No. 1.   The appeal remains pending.

## II.    PROCEEDINGS IN THIS MATTER

9.    The complaint in this matter was filed on September 28, 2017. (Compl.)   The complaint asserts three causes of action: (1) the Union breached the collective bargaining agreement by not accepting plaintiff's proposed alternative healthcare plan for its employees; (2) the Union violated the implied covenant of good faith and fair dealing; and (3) the Union breached its fiduciary duty under the Employee Retirement Income Security Act of 1974.   (*Id.*)

10.     On January 30, 2018, plaintiff and UHH entered into a stipulation of voluntary dismissal without prejudice as to the claims against UHH.   (ECF No. 25.) The Court "So Ordered" the stipulation on January 31, 2018.   (ECF No. 26.)

11.     On August 24, 2018, the Union filed a motion to dismiss.   (ECF No. 54.) In response, plaintiff opposed the Union's motion to dismiss and cross-moved for leave to file an amended complaint.   (ECF No. 59.)   The cross-motion sought, in part, to "reinstate" UHH as a defendant.   (*Id.*)   UHH, although no longer a party to this action, filed an opposition to plaintiff's cross-motion.   (ECF No. 64.)

12.     On November 16, 2018, Hon. Leda Wettre, USMJ, held a telephone conference in this matter. (Minute entry after ECF No. 65.) Following the conference, Judge Wettre entered an order administratively terminating this matter on November 20, 2018.   (ECF No. 69.)   The order noted "the Court [] learned that a decision is due in the near future in a labor arbitration having some overlap with this action …." (*Id.*)

13.     This matter was reinstated on February 22, 2019 at plaintiff's request. (ECF No. 75.)

14.     On November 27, 2018, the Union's counsel wrote to the Court advising of the decision on the pending "labor arbitration." (ECF No 70.)   The Union's counsel also advised that "a decision in a proceeding before NLRB administrative law [J]udge Lauren Esposito involving these same parties is still pending" and that "[p]ost-hearing briefs in the matter were submitted on November 8, 2018."   (*Id.*)

15.     On December 27, 2018, substitute counsel appeared for plaintiff.   (ECF No. 71.)   New counsel wrote to the Court on January 18, 2019 asking that this matter be reinstated, along with the motions that were pending at the time of the administrative termination.   (ECF No. 72.)   The Court, on February 22, 2019, reinstated this matter to the active docket.   (ECF No. 75.)   The Court also directed the parties to advise the Court of the motions the parties sought to file.   (*Id.*)

16.     On April 22, 2019, Judge Wettre held a telephone status conference and directed plaintiff to file its motion to amend the complaint by May 10, 2019.   (ECF No. 85.)

17.     On May 10, 2019, plaintiff filed its motion to amend (Motion to Amend). (ECF No. 86.)

18.     This matter was reassigned to me for pretrial proceedings on October 4, 2019.   (Minute entry after ECF No. 89.)   After several adjournments of conferences at the parties' requests, I held a status conference on January 13, 2020 to address the pending Motion to Amend. (Minute entry after ECF No. 97.) During the conference, I was advised of a pending appeal before the Third Circuit from an NLRB decision involving the same parties to this action.

19.    Accordingly, on January 16, 2020, I entered a text order requiring the parties to file submissions addressing whether this matter should be administratively terminated until such time as: (a) the appeal that is pending before the Third Circuit is resolved; and (b) any further agency proceedings that may result from the appellate decision are concluded.   (ECF No. 98.)

20.    The parties and UHH filed their submissions on January 27, 2020. (ECF Nos. 99, 100, and 101.)

## ANALYSIS

21.    Courts generally weigh a number of factors in determining whether to grant a stay including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create "a clear case of hardship or inequity" for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.   *Akishev v. Kapustin*, 23 F.Supp.3d 440, 446 (D.N.J. 2014) (internal citations omitted).

22.    A court may "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."   *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)    "The district court ha[s] inherent discretionary authority to stay proceedings pending litigation in another court."   *Rodgers v. U.S. Steel Corp.*, 508 F.2d 152, 162 (3d Cir. 1975).   Consequently, if another litigation is pending, courts may, after balancing these factors, "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."   *Bechtel Corp.*, 544 F.2d at 1215; *see also MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at \*4 (D.N.J. Oct. 15, 2009) ("A stay is particularly appropriate, and within the court's 'sound discretion,' where the outcome of another case may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court.") (citations omitted).

23.    Here, the resolution of the appeal before the Third Circuit will likely affect the disposition of this matter.   There is substantial overlap between the issues presented in this case and pending before the Third Circuit.   For example, in both cases, the parties dispute whether plaintiff was permitted to terminate the healthcare coverage with UHH and require its employees to sign up for plaintiff's alternate policy.   Further, both matters involve competing claims over plaintiff's obligation to make certain benefit payments to UHH.

24.    UHH and the Union also argue the NLRB's decision and the decision from the Third Circuit "preempt" plaintiff's common law claims.   (ECF Nos. 99 p. 2 and 100 p. 3.)   The Court does not need to address this argument at this time because

the matter will be administratively terminated pending the resolution of the appeal before the Third Circuit.

Accordingly,

**IT IS** on this **16th** day of **June 2020** **ORDERED** that:

1.    This matter is **Stayed** and **Administratively Terminated**.

2.    Any party may move by letter application to reinstate this matter to the active docket following the issuance of the mandate from the decision of the Third Circuit Court of Appeals on the Appeal.


    */s/ Edward S. Kiel*
**Edward S. Kiel**
**United States Magistrate Judge**